IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM C. BERKOWITZ & <br> LISA P. BERKOWITZ | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| J. SCOTT WATSON, P.C., ET AL. | : <br> : | NO. 13-954 |

**MEMORANDUM**

Padova, J.                                                                                                                                   July 9, 2013

Plaintiffs Adam and Lisa Berkowitz bring this action against Defendant J. Scott Watson, P.C. ("Watson"), John Does 1-10, and X, Y, Z, Corporations for violations of § 1692(e) of the Fair Debt Collection Practices Act based on debt collection letters sent to Plaintiffs. Presently before the Court is Watson's Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The principal issues to be decided are whether the Complaint alleges sufficient facts to state a plausible claim that the letters (1) misled Plaintiffs into believing that an attorney had reviewed their accounts for the purpose of litigation in violation of § 1692e(3), and included false information with respect to the amount owed in violation of § 1692e(2)(A). For the reasons that follow, we deny the Motion in its entirety.

**I.    BACKGROUND**

The following facts are taken from the Complaint. Watson, acting as a debt collector, contacted Plaintiffs by way of letters dated February 24, 2012. (Compl. ¶ 17.) Those letters were sent in connection with an alleged consumer debt owed by Plaintiffs, and were designed to cause Plaintiffs to believe that the law firm whose name appeared on the letters had reviewed their accounts for the purpose of bringing suit and that legal action against Plaintiffs was

imminent. (Id. ¶¶ 19, 26-27.) In fact, Plaintiffs believed that the letters were from an attorney's office and that they had been reviewed by an attorney for purposes of litigation. (Id. ¶¶ 21-22.) However, the letters were actually form letters. (Id. ¶ 24.) No legal action has been brought by any of the Defendants against either Plaintiff in connection with the alleged consumer debt referenced in the letters, and Defendants did not intend to bring such legal action. (Id. ¶¶ 35-36.) Moreover, while the Plaintiffs each received a letter concerning the alleged consumer debt, each of those letters contained a different representation of the amount of the debt owed. (Id. ¶¶ 29, 31.) Plaintiffs filed the Complaint on February 21, 2013, asserting one count of violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e). Watson has moved to dismiss Plaintiffs' claim against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

The Complaint alleges that Watson violated § 1692(e) of the FDCPA by: (1) intentionally misleading Plaintiffs into believing that an attorney had reviewed their accounts for the purpose of litigation prior to sending the letters, and (2) including false information in the letters with respect to the amount of the debt owed. (Compl. ¶¶ 25, 31-33.) The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes the "false representation of (A) the character, amount, or legal status of any debt," id. § 1692e(2), or "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Id. § 1692e(3). We analyze "communications from lenders to debtors from

3

the perspective of the 'least sophisticated debtor.'" Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006)).

The Complaint alleges that Watson committed a deceptive act in violation of § 1692e(3) of the FDCPA by mailing two letters printed on law firm stationary, and signed by an attorney, in order to induce Plaintiffs into believing that an attorney had reviewed their accounts and that legal action was imminent, when in fact the letters were generated by computer and no attorney had reviewed the letters, or their account, for purposes of litigation. (Compl. ¶¶ 18, 24, 26-27.) Watson argues that the Complaint should be dismissed as to this claim because the letters were not deceptive as a matter of law since they contain no suggestion of legal action, but instead contain only language that identifies Watson as a debt collector as required by the FDCPA.

The two letters sent by Watson to Plaintiffs are printed on letterhead that reads: "LAW OFFICES J. SCOTT WATSON, P.C." (Compl. Exs. A, B.) At the top left of the letter, adjacent to the letterhead, is a list of three attorneys: J. Scott Watson Esq., Gregory J. Allard, Esq., and Mary K. Jacono, Esq. (Id.) The letters refer to Plaintiffs' accounts with RestoreCore Inc., and include the following notice:

> Please be advised that the above referenced account has been forwarded to our office for collection on behalf of the above referenced client. This action has resulted from your failure to make any reasonable arrangements to satisfy your indebtedness.
>
> Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us as a debt collector.
>
> If you indicate a dispute in writing within thirty (30) days of the receipt of the letter, we will provide you with evidence concerning verification of the debt or we will provide you with a copy of any Judgment which has been entered against you, by mail. If the original creditor is different from the current creditor, upon

> written request, we will provide you with the name and address of the original creditor.
>
> **The purpose of this letter is to attempt to collect a debt, and any information obtained will be used for that purpose.** This communication is from a debt collector.

(Id.) Both letters are signed by Gregory J. Allard, Esq. (Id.)

Watson argues that these letters are not "deceptive" because they simply state its role as a debt collector, as required by the FDCPA, and do not suggest that legal action against Plaintiffs is forthcoming. The United States Court of Appeals for the Third Circuit has determined that letters sent by a law firm, acting as a debt collector, on law firm letterhead, that directed payment to the law firm, even though the law firm was not acting in its legal capacity when it sent the letters, were "false, deceptive, or misleading" in violation of § 1692e. See Lesher, 650 F. 3d at 1003. As the Third Circuit explained, letters that "falsely impl[y] that an attorney, acting as an attorney, is involved in collecting [the] debt," violate § 1692e's prohibition against "false, deceptive, or misleading" communications, because "the least sophisticated debtor, upon receiving these letters, may reasonably believe that an attorney has reviewed his file and has determined that he is a candidate for legal action." Lesher, 650 F.3d at 1003. See also Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993) (recognizing that, when an attorney signs a debt collection letter, the least sophisticated debtor may be led to believe that an attorney personally developed a legal opinion regarding the debt before the letters were sent.) As the district court decision in Lesher explained:

> In the context of a consumer debt, a reasonable perception of consumers is that if a consumer debt is being handled on behalf of the lender by a law firm and if the amount of money that the law firm is seeking (or some lesser settlement amount) is not paid, then the lawyer(s) will use the legal process . . . . The implication that a communication to a consumer concerning a debt is from an attorney has a

particular and well-known and well-understood effect. That is explicitly recognized in and incorporated into § 1692e.

Id. at 1002 n.9 (quoting Lesher v. Law Office of Mitchell N. Kay, P.C., 724 F. Supp. 2d 503, 509 (M.D. Pa. 2010)).

The letters Watson sent to Plaintiffs are printed on law firm letterhead, list the attorneys associated with the firm, are signed by one of those attorneys, and direct payment to the firm. (See Compl. Exs. A, B.) The Complaint alleges that those letters were sent by Watson to Plaintiffs with the intent to mislead Plaintiffs to believe that their consumer debt had been reviewed by an attorney for the purpose of litigation and that legal action with respect to that debt was imminent. (Compl. ¶¶ 25-28.) We conclude, accordingly, that the Complaint, together with the exhibits, alleges sufficient facts to state a plausible claim that the letters were misleading and deceptive in violation of § 1692e(3) of the FDCPA. Accordingly, we deny the Motion insofar as it seeks dismissal of Plaintiffs' claim under § 1692e(3) of the FDCPA on the ground that the letters were intended to mislead Plaintiffs into believing an attorney had reviewed their consumer debt for the purpose of litigation.[1]

The Complaint also alleges that Watson violated § 1692e(2)(A) of the FDCPA by misstating the amount of Plaintiffs' debt. (Compl. ¶¶ 31-33.) Watson argues that the Complaint should be dismissed as to this claim because the letters properly state the different balances owed by each Plaintiff. Watson contends that the letter sent to Adam Berkowitz references a different debt amount than the letter sent to Lisa Berkowitz because Adam Berkowitz signed a contract in

---

[1] Watson also argues in its Motion that "Plaintiffs cannot possibly prove that Defendant had or has no intention to file suit on behalf of RestoreCore Inc. because the time period within which to file suit has not expired yet." (Mot. at 5.) However, this argument raises factual issues that are not appropriate to resolve on a 12(b)(6) Motion. Accordingly, we need not address this argument in connection with the instant Motion.

which he agreed to be responsible for attorney's fees and interest and Lisa Berkowitz did not. In support of this argument, Watson asks us to consider the "Emergency Restoration Contract," signed by Adam Berkowitz, which Watson has attached to its Motion as Exhibit D.

As we discussed supra, when we decide a motion to dismiss, we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer, 605 F.3d at 230. Thus we may only consider documents, "that the defendant attaches to the motion to dismiss . . . *if they are referred to in the plaintiff's complaint and are central to the claim*." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 584, 560 (3d Cir. 2002) (quotation omitted). At this time, we cannot conclude from the allegations in the Complaint and face of the document, that the Emergency Restoration Contract on which Watson relies is "central to the claim." Indeed, the Emergency Restoration Contract is not even mentioned in the Complaint. Consequently, we cannot consider this document in connection with the instant Motion. See Mayer, 605 F.3d at 230. Accordingly, we deny the Motion insofar as it seeks dismissal of Plaintiffs' claim for violation of § 1692e(2)(A) of the FDCPA on the ground that the letters contain false statements of the amount due.

## IV. CONCLUSION

For the foregoing reasons, we deny the Motion to Dismiss in its entirety.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.